IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFTON COLEMAN<br>132 Westside Lane<br>Middletown, DE 19709 | * | |
| and | * | |
| JEANETTE COLEMAN<br>132 Westside Lane<br>Middletown, DE 19709 | * | |
| Plaintiffs | * | Civil Case No.: _____ |
| v. | * | **JURY TRIAL DEMAND** |
| AVI TRUCKING, INC.<br>6607 Greenview Lane<br>Springfield, VA 22152 | * | |
| Serve On: Aron T. Ogbai, Owner<br>6607 Greenview Lane<br>Springfield, VA 22152 | * | |
| and | * | |
| AOT TRUCKING LLC<br>4237 S. Four Mile Run Drive<br>Arlington, VA 22204 | * | |
| Serve On: Springview Venture Group, LLC, Registered Agent<br>6607 Greenview Lane<br>Springfield, VA 22152 | * | |
| and | * | |
| CARLTON GLENN MOYER<br>45168 Clarks Mill Rd<br>Hollywood, MD 20636 | * | |
| Defendants | * | |

1

## COMPLAINT

Plaintiffs, Clifton and Jeanette Coleman, by and through their undersigned counsel, James L. Otway, Esquire; Amy L. Taylor, Esquire; and Hearne & Bailey, P.A., hereby file this Complaint against Defendant AVI Trucking, Inc.; AOT Trucking LLC; and Defendant Carlton Glenn Moyer related to a rear-end motor vehicle collision that occurred on November 14, 2017, in Montgomery County, Maryland, and for causes of action against said Defendants states as follows:

## PARTIES

1. Plaintiff **Clifton Coleman** was, at all relevant times, and continues to be a citizen of the United States and an adult resident of the State of Delaware.

2. Plaintiff **Jeanette Coleman** was, at all relevant times, and continues to be a citizen of the United States and an adult resident of the State of Delaware.

3. Clifton and Jeanette Coleman, were, at all relevant time, and continue to be husband and wife.

4. Defendant **AVI Trucking, Inc.** upon information and belief, was, at all relevant times, and continues to be, a trucking business incorporated in the State of Virginia which carries on a regular business in Montgomery County, Maryland providing dump truck services related to hauling cargo such as general freight, building and construction materials, and dry bulk.

5. Defendant **AOT Trucking LLC** upon information and belief, was, at all relevant times, and continues to be, a limited liability company registered in the State of Virginia which carries on a regular business in Montgomery County, Maryland providing dump truck services related to hauling construction materials.

6. Defendant **Carlton Glenn Moyer** upon information and belief, was, at all relevant times, and continues to be, a citizen of the United States and an adult resident of the State of Maryland.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over the subject matter of this complaint as a Motor Vehicle Personal Injury tort claim because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## FACTS COMMON TO ALL COUNTS

8. On or about November 14, 2017, at approximately 11:15 a.m., Plaintiff Clifton Coleman ("Mr. Coleman") was safely operating his 2016 Nissan Altima, a four door mid-size sedan, on Interstate 495 on the inner loop of the Washington DC Capital Beltway ("Capital Beltway") near Exit 31B and Route 97 ("Georgia Avenue") in Montgomery County, Maryland. Mr. Coleman was stopped in a line of traffic in Lane 4 (far right slow lane) of the inner loop of the Capital Beltway, preparing to exit to the right onto Georgia Avenue.

9. At the same time, another driver, Defendant Carlton Glenn Moyer ("Defendant Moyer") was operating a 2-axle dump truck, weighing over 13 tons, for the benefit of and owned by Defendant AVI Trucking, Inc. ("Defendant AVI Trucking") and AOT Trucking LLC ("Defendant AOT Trucking"), and was traveling in Lane 4 of the inner loop of the Capital Beltway.

10. Shortly before impact, Mr. Coleman looked in his rearview mirror and saw that the dump truck was coming too fast and was going to crash into the rear of Mr. Coleman's

vehicle. Mr. Coleman had nowhere to go and pressed his foot hard on his brake, gripped the steering wheel, and braced himself for impact.

11. Defendant Moyer, travelling too fast, crashed the dump truck weighing over 13 tons into the rear of Mr. Coleman's mid-size sedan.

12. Upon impact, Mr. Coleman was thrown violently forward and back again.

13. Mr. Coleman suffered serious and permanent injuries as a result of the rear-end collision.

14. The impact exploded the rear window of Mr. Coleman's mid-size sedan as the front of the dump truck intruded deeply into the rear of Mr. Coleman's mid-size sedan. Mr. Coleman's vehicle had to be towed from the scene and was determined to be a total loss.

15. Defendant Moyer was operating the dump truck owned by Defendant AVI Trucking, Inc. and AOT Trucking LLC for the benefit of Defendant AVI Trucking, Inc. and AOT Trucking LLC.

16. Defendant Moyer was an agent and/or employee of Defendant AVI Trucking, Inc. and AOT Trucking LLC at the time of this incident and was acting within the scope of his employment or agency with Defendant AVI Trucking, Inc. and AOT Trucking LLC.

## COUNT I – NEGLIGENCE

17. Mr. Coleman adopts by reference the allegations contained in paragraphs 1 through 16 of this Complaint with the same effect as if fully set forth herein.

18. At all relevant times, Defendant AVI Trucking; Defendant AOT Trucking; and Defendant Moyer, dump truck operator, acting as agent and/or employee of Defendant AVIT Trucking and AOT Trucking LLC, owed a duty to Mr. Coleman and others using the roadways to operate their dump truck in a safe and reasonable manner.

19. Defendants breached that duty by, among other things, negligently operating their dump truck, failing to give full time and attention, travelling too fast for the conditions, being inattentive, failing to properly slow or stop the vehicle, failing to leave a proper distance, and otherwise being negligent.

20. As a direct and proximate result of the aforesaid negligent acts of Defendants, Mr. Coleman was caused to suffer permanent injury, pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, lost wages, and other damages.

WHEREFORE, Mr. Coleman demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages together with such other and further relief as this Court may deem just.

## COUNT II – AGENCY

21. Mr. Coleman adopts by reference the allegations contained in paragraphs 1 through 21 of this Complaint with the same effect as if fully set forth herein.

22. At all relevant times, Defendant Moyer was acting within the scope of his employment or agency with Defendants AVI Trucking, Inc. and AOT Trucking LLC.

23. Defendants AVI Trucking, Inc. and AOT Trucking LLC had a duty to only allow its vehicle to be operated by drivers who drove them safely and followed Maryland's traffic safety rules.

24. Defendants AVI Trucking, Inc. and AOT Trucking LLC breached its duty by choosing to allow its vehicles to be operated by drivers who did not drive them safely and who did not follow Maryland's traffic safety rules.

25. Defendants AVI Trucking, Inc. and AOT Trucking LLC are vicariously liable for the negligence of Defendant Moyer.

26. As a direct and proximate result of the aforesaid negligent acts of Defendants, Mr. Coleman was caused to suffer permanent injury, pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, lost wages, and other damages.

WHEREFORE, Mr. Coleman demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages together with such other and further relief as this Court may deem just.

## COUNT III – RESPONDEAT SUPERIOR

27. Mr. Coleman adopts by reference the allegations contained in paragraphs 1 through 26 of this Complaint with the same effect as if fully set forth herein.

28. At all relevant times, Defendant Moyer was employed by Defendant AVI Trucking, Inc. and AOT Trucking LLC as a truck driver.

29. Defendant Moyer negligently operated the dump truck, failed to give his full time and attention, travelled too fast for the conditions, was inattentive, failed to properly slow or stop the vehicle, failed to leave a proper distance, and was otherwise negligent, causing Mr. Coleman to suffer permanent injury, pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, lost wages, and other damages.

30. The above described acts of Defendant Moyer were committed within the scope of his employment with Defendants AVI Trucking, Inc. and AOT Trucking LLC, in that he committed them while driving for Defendants AVI Trucking, Inc. and AOT Trucking LLC, in a truck owned by Defendants AVI Trucking, Inc. and AOT Trucking LLC, and in furtherance of the interests of Defendants AVI Trucking, Inc. and AOT Trucking LLC.

31.   As Defendant Moyer's employer, Defendants AVI Trucking, Inc. and AOT Trucking LLC is responsible for all of the acts committed by and omissions of Defendant Moyer within the scope of his employment.

WHEREFORE, Mr. Coleman demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages together with such other and further relief as this Court may deem just.

## COUNT IV – NEGLIGENT ENTRUSTMENT

32.   Mr. Coleman adopts by reference the allegations contained in paragraphs 1 through 31 of this Complaint with the same effect as if fully set forth herein.

33.   On the day of this rear-end collision, the dump truck being operated by Defendant Moyer was being used by Defendant Moyer to the benefit of Defendants AVI Trucking, Inc. and AOT Trucking LLC.

34.   At all relevant times, Defendants AVI Trucking, Inc. and AOT Trucking LLC supplied their authorization, permission, and consent for Defendant Moyer to use the dump truck. Due to its size and weight, the dump truck was a dangerous instrument which, if operated negligently, would cause serious harm to other motorists and property.

35.   By entrusting the dump truck, Defendants AVI Trucking, Inc. and AOT Trucking LLC owed a duty to the public, including Mr. Coleman, to assure that they entrusted the dump truck to a person in whom such trust was reasonably placed.

36.   In breach of its duty, Defendants AVI Trucking, Inc. and AOT Trucking LLC negligently supplied and entrusted the vehicle to Defendant Moyer, when they knew or should have known that it was likely Defendant Moyer would operate the dump truck in a negligent,

reckless, and unsafe manner which involved an appreciable and unreasonable risk of harm to Mr. Coleman and others.

37. Defendants AVI Trucking, Inc. and AOT Trucking LLC knew or should have known that Defendant Moyer was a dangerous, incompetent, unfit, and reckless driver. Defendants AVI Trucking, Inc. and AOT Trucking LLC entrusted Defendant Moyer with the dump truck, with actual knowledge that Defendant Moyer had been issued multiple traffic violations and that the vehicle was being operated in a dangerous and unfit condition.

38. At the time of this collision, Defendant Moyer did operate the dump truck in such a manner which was negligent and reckless as aforesaid. As a direct and proximate result thereof, he caused a motor vehicle collision between the dump truck and the mid-size sedan operated by Mr. Coleman.

39. As a direct and proximate result of the aforesaid negligent acts of Defendants, Mr. and Mrs. Coleman were caused to suffer permanent injury, pain and suffering, and other economic and non-economic damages including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, amounts for loss of earnings, and other damages.

40. As a further direct and proximate result of the aforesaid negligent acts of Defendants, Mr. Coleman will require future medical care and will sustain or incur future economic and non-economic damages.

WHEREFORE, Mr. Coleman demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages together with such other and further relief as this Court may deem just.

## COUNT V – LOSS OF CONSORTIUM

41. Mr. and Mrs. Coleman adopt by reference the allegations contained in paragraphs 1 through 40 of this Complaint with the same effect as if fully set forth herein.

42. At all relevant times hereto, Plaintiffs were husband and wife and continue to be so.

43. As a direct and proximate result of the injuries sustained by Mr. Coleman due to the negligence of Defendants, Mr. and Mrs. Coleman have suffered damage to their marital relationship.

44. The damage to their marital relationship is a direct and proximate result of the negligent acts and omissions of Defendants, as fully set forth above, without any want of care on the part of Mr. and Mrs. Coleman contributing thereto.

WHEREFORE, Mr. and Mrs. Coleman demand judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) in compensatory damages together with such other and further relief as this Court may deem just.

Date: November __5__, 2020

_____
James L. Otway, Esquire
(Federal Bar #22717)
jotway@hbpalaw.com

Amy L. Taylor, Esquire
(Federal Bar #18425)
ataylor@hbpalaw.com

HEARNE & BAILEY, P.A.
126 East Main Street
Salisbury, Maryland 21801
Telephone 410-749-5144
Facsimile 410-749-8273
*Attorneys for Plaintiffs*